# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8561 | **DATE** | 12/12/2003 |
| **CASE TITLE** | Datren Williams vs. Bank One Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum. Accordingly, any purpose derivative action "on behalf of the One Group Investment Trust and each of the One Group Funds," as asserted in the Derivative Complaint's opening paragraph is rejected.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 1 5 2003 | 4 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 12/12/2003 | |
| | | 03 DEC 12 AM 4:26 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DATREN WILLIAMS, individually, )
et al., )
 )
 Plaintiffs, )
 )
 v. ) No. 03 C 8561
 )
BANK ONE CORP., et al,. )
 )
 Defendants. )

## MEMORANDUM ORDER

This Court's brief November 26, 2003 memorandum order ("Order") directed counsel for plaintiff Datren Williams ("Williams") to explain the predicate on which Williams could bring a derivative shareholder claim not only on behalf of Large Capital Growth Fund and Equity Index Fund (in each of which funds Williams says he is a shareholder) but also "on behalf of...the One Group Investment Trust and each of the One Group Funds." Although the Order gave counsel ample time to provide such submission (until December 8), that date came and went without any filing--but one has now been tendered on December 10.[1]

In any event, Williams' counsel now says that Complaint ¶20

---

[1] That minor delay of course involves no prejudice to anyone, and if a request for such a brief extension had been made this Court would surely have granted it with alacrity. But what is troublesome is the report by this Court's minute clerk that one of Williams' lawyers has represented to her that "his partner had spoken personally with Judge Shadur, who agreed to an extension." This Court has no recollection of any such conversation, and some further explanation is called for as to who engaged in the asserted conversation, when, and under what circumstances.

(referred to in the Order) was mistaken--that instead (quoting from a filing made before the MDL Panel in MDL No. 1586, <u>In re Mutual Funds Investment Litigation</u>):

> One Group Mutual Funds is a Massachusetts business trust.
>
>   *  *  *
>
> Each of the One Group Funds...are [sic] not separately incorporated, but instead each represents a separate series of beneficial interests in One Group Mutual Funds.

Even so, that correction does not justify what Williams and his counsel seek to do here.

There is no precise parallel to the described arrangement in the corporate world, but the closest analogy still seems to be that of separate subsidiaries (the various mutual funds) that share a common parent (the Massachusetts business trust). What controls over the other factors identified in counsel's submission is the total separateness of the beneficial interest in the funds, with Williams being a shareholder in only two of them. Williams' small holdings in those two funds provide no justification for using them as a springboard for him to act on behalf of the umbrella Massachusetts trust--indeed, any allegation of Williams' ownership interest in <u>that</u> entity is conspicuously absent from the Derivative Complaint. And as for the other One Group Funds, any notion of Williams being able to bootstrap upstream to the business trust and thence downstream

2

to the other separate funds clearly has nothing at all to commend it.

Accordingly, any purported derivative action "on behalf of the One Group Investment Trust and each of the One Group Funds," as asserted in the Derivative Complaint's opening paragraph, is rejected. Just how that may impact on other allegations in the Derivative Complaint, or on the propriety of Williams' having included one or more of the named defendants as targets in this litigation, will remain for future resolution as and when defendants are served and become represented by counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 11, 2003